UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KENNETH P., et al., | Case No. 18-cv-03550-JSW |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| BLUE SHIELD OF CALIFORNIA, | |
| Defendant. | Re: Dkt. No. 55 |

Now before the Court for consideration is the motion to dismiss filed by Defendant Blue Shield of California ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. The Court VACATES the hearing set for April 19, 2019, and it HEREBY DENIES Defendant's motion.

## BACKGROUND

Plaintiffs, Kenneth P. and Natasia P. ("Plaintiffs"), bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. sections 1132(a)(1) and 1132(a)(3). The Court set forth the facts underlying the dispute in its Order granting Defendant's motion to dismiss the first amended complaint, and the Court shall not repeat those facts in this Order. (*See* Dkt. 51, Order Granting Motion to Dismiss.) In brief, on their first claim for relief, Plaintiffs seek benefits for Natasia's residential treatment that Defendant denied on the basis that the treatment was not "medically necessary." (*See, e.g.,* Second Amended Complaint, ¶¶ 33-48.) In their second claim for relief, Plaintiffs purport to seek equitable relief under 29 U.S.C. section 1132(a)(3) based on alleged violations of the Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA"), 29 U.S.C. section 1185a. (*Id.* ¶¶ 49-56.)

The Court shall additional facts as necessary in the analysis.

## ANALYSIS

**A.     Applicable Legal Standard.**

Defendants move to dismiss Plaintiffs' second claim for relief for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a claim for relief will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to Twombly, a plaintiff must not allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In general, if the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     The Court Denies the Motion.**

Plaintiffs' second claim seeks relief pursuant to Section 1132(a)(3), which provides that "[a] civil action may be brought ... by a participant, beneficiary, or fiduciary (A) *to enjoin any act or practice which violates any provision of this subchapter* or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) *to enforce any provisions of this subchapter* or the terms of the plan." 29 U.S.C. § 1132(a)(3)(c) (emphasis added). Section 1132(a)(3) is intended "to act as a safety net, offering appropriate equitable relief for injuries caused by violations that [section 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 490 (1996). The MHPAEA was enacted as part of ERISA

2

and, thus, is enforceable as a "violation of this subchapter." *See, e.g., A.F. v. Providence Health Plan*, 35 F. Supp. 3d 1298, 1304 (D. Ore. 2014); *cf. Joseph F. v. Sinclair Servs. Co.*, 158 F. Supp. 3d 1239, 1259 n.118 (D. Utah 2016).[1] In *CIGNA Corp. v. Amara*, the Supreme Court held that Section 1132(a)(3) permits equitable relief, in a variety of forms, even where a plaintiff seeks relief under Section 1132(a)(1)(B). 563 U.S. 421, 439-442 (2011). The Ninth Circuit has confirmed that a plaintiff may pursue claims under Sections 1132(a)(1) *and* 1132(a)(3), "so long as there is no double recovery." *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 960-61 (9th Cir. 2016); *see also id.* at 962 (noting that "[t]his approach … adheres to the Federal Rules of Civil Procedure" which permit "'relief in the alternative or different types of relief'") (quoting Fed. R. Civ. P. 8(a)(3), emphasis omitted).

The Court previously dismissed Plaintiffs' second claim for relief because it concluded that, as drafted, it "seeks relief for the same harm based on the same conduct as the first claim for relief. In particular, Plaintiffs do not clearly articulate the nature of the equitable relief they are seeking and, thus, do not allege facts from which the Court could infer the first claim for relief would not provide an adequate remedy for injuries caused by conduct that violated the MHPAEA." (Order Granting Motion to Dismiss at 4:5-9.) Defendant argues that Plaintiffs still fail to allege facts showing that the first and second claims for relief are not duplicative and that the facts alleged are not sufficient to state a claim under *Twombly*.

As Defendant notes, Plaintiffs have not added any facts to support their claims for relief. (*See* Declaration of Sarah Gettings, Ex. A, Redline Version of Second Amended Complaint.) Within those facts, Plaintiffs do provide some information about the reasons they believed the treatment was medically necessary. (*See, e.g.,* SAC ¶33-35.) Plaintiffs have deleted a reference in the second claim that they were harmed by the denial of benefits. They also specify in slightly

---

[1] Defendant argues that Plaintiffs are attempting to enforce the MHPAEA directly. They argue the MHPAEA does not provide for a private right of action, citing *Mills v. BlueCross Blue Shield of Tenn., Inc.*, No. 3:15-cv-552-PLR-HBG, 2017 WL 78488, at *6 (E.D. Tenn. Jan. 9, 2017). The *Mills* court noted that the MHPAEA did not have an enforcement provision. Instead, the MHPAEA was inserted into other laws that do have enforcement provisions, such as Section 1132(a), and it reasoned that "a plaintiff who sues for violations of the MHPAEA must follow the procedures outlined in the larger law that she thinks has been violated." *Id.* For the reasons set forth in this Order, the Court concludes Plaintiffs allege a violation of ERISA.

3

more detail the equitable relief they seek, including a request that the Court reform "the terms of the Plan *and the medical necessity criteria* utilized by the Defendant to interpret and apply the terms of the Plan to ensure compliance with MHPAEA." (*Id.* ¶ 55.c (emphasis added).) Plaintiffs also include allegations about the comparable benefits offered by the Plan for treatment analogous to the treatment which Natasia received but which was not covered, and Plaintiffs allege how that treatment would violate the MHPAEA. (*Id.* ¶¶ 53-54.)

The Court concludes that Plaintiffs have satisfied, albeit barely, *Twombly*'s pleading standards and have sufficiently alleged facts to support their second claim for relief. Accordingly, it DENIES Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 1, 2019

_____
JEFFREY S. WHITE
United States District Judge